UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAMRON MIDWEST CONTRACTING, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 4:21-CV-00223-JAR ) ) ) ) ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss filed by Defendants Fricke Management & Contracting, Inc. ("Fricke") and Thirteen RF, Inc. ("Thirteen RF"). (Doc. 16). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.   BACKGROUND**[1]

Plaintiffs Iron Workers St. Louis District Council Pension Trust, Iron Workers St. Louis District Council Annuity Trust, and Iron Workers St. Louis District Council Welfare Plan (collectively, the "Plaintiff Funds") bring this action for unpaid contributions against Defendants pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. Plaintiff Funds are established and administered pursuant to their respective Agreements and Declarations of Trust ("Trust Agreements"). Defendant Samron Midwest Contracting, Inc. ("Samron") is party to a Collective Bargaining Agreement ("CBA")

---

[1] All facts in this section are taken from Plaintiff Funds' complaint (Doc. 1) and accepted as true for purposes of this motion to dismiss.

1

with Iron Workers Local No. 392 and Ironworkers Local No. 782 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers. Samron is also signatory to Participation Agreements with each of the Plaintiff Funds, pursuant to which Samron has agreed to be bound by the Trust Agreements. (Doc. 1-1).

Fricke and Thirteen RF, meanwhile, are non-union companies who are not party to the CBA or Participation Agreements. But Samron, Fricke and Thirteen RF are closely connected. They share various key officers, operate out of the same location in Illinois, and employ some of the same individuals. Plaintiff Funds' fundamental claim in this suit is that Fricke and Thirteen RF are alter egos of Samron performing bargaining unit work in jurisdictions covered by the CBA and Participation Agreements. Therefore, according to the Plaintiff Funds, Fricke and Thirteen RF should be held liable for failing to make required contributions. Plaintiff Funds' complaint includes the following counts:

<u>Count One</u>: Alter Ego Liability – Fricke

<u>Count Two</u>: Single Employer Liability – Fricke

<u>Count Three</u>: Alter Ego Liability – Thirteen RF

<u>Count Four</u>: Single Employer Liability – Thirteen RF

**II.   LEGAL STANDARD**

When ruling on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive the motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not necessary at this stage, Plaintiff Funds' obligation to provide the grounds of their entitlement to relief "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Dismissal is warranted, moreover, if the complaint is "fatally flawed in [its] legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young*, 244 F.3d at 627 (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

**III.   DISCUSSION**

Counts One and Three – Alter Ego Liability

In Counts One and Three, Plaintiff Funds contend that Fricke and Thirteen RF should be held liable for unpaid contributions because they are alter egos of Samron. Fricke and Thirteen RF seek dismissal on the grounds that Plaintiff Funds have failed to allege anti-union sentiment. (Doc. 17 at 6). Plaintiff Funds respond that their allegations are more than sufficient at the motion to dismiss stage, and discovery is necessary to obtain evidence of subterfuge or anti-union sentiment. (Doc. 20 at 5).

Typically, only parties to a CBA are bound by its terms. *Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 520 (8th Cir. 2020) (citation omitted). In certain circumstances, however, the alter ego doctrine permits a fund to collect unpaid contributions from a non-signatory. *See Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc.*, 104 F.3d 1050, 1055 (8th Cir. 1997) (discussing alter ego doctrine). This Court must apply "general corporate law principles" regarding alter ego liability to determine whether Plaintiff Funds have plausibly alleged that Fricke and Thirteen RF are alter egos of Samron. *Trustees of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal*, 516 F.3d 719, 727 (8th Cir. 2008) (internal quotation omitted). A corporation acts as another's alter ego if

3

it is "(1) controlled by another to the extent it has independent existence in form only and (2) used as a subterfuge to defeat public convenience, justify wrong, or perpetuate a fraud." *Johnson*, 950 F.3d at 520 (citation omitted); *see also In re B.J. McAdams, Inc.*, 66 F.3d 931, 937 (8th Cir. 1995). "Determination of alter ego status involves a mixed question of law and fact." *Superior Gen. Contractors*, 104 F.3d at 1054. Plaintiff Funds have the burden of establishing alter ego liability. *See Marshall v. Anderson Excavating & Wrecking Co.*, 901 F.3d 936, 943 (8th Cir. 2018)

First, Plaintiff Funds have sufficiently alleged that Samron controls Fricke and Thirteen RF to such an extent that the latter two companies have independence in form only. Plaintiff Funds contend, among other claims, that the companies share common ownership, management, employees, and professional services providers. (Doc. 1 at ¶¶ 26-47; 94-113). Fricke and Thirteen RF do not challenge that Plaintiff Funds have satisfied the first element of the alter ego test.

As to the second factor, the Eighth Circuit has recently affirmed that a "critical part" of the inquiry is "whether the employer displays anti-union sentiment by using the alter ego to avoid its obligations." *Johnson*, 950 F.3d at 520 (citation omitted); *see also Carpenters Dist. Council of Kansas City Pension Fund v. JNL Const. Co.*, 596 F.3d 491, 496 (8th Cir. 2010) (finding no alter ego liability where no evidence indicated corporation was used as subterfuge). Fricke and Thirteen RF seek dismissal on the grounds that Plaintiff Funds have not specifically alleged anti-union sentiment. This Court finds, however, that Fricke and Thirteen RF rely on an unduly strict interpretation of *Johnson*.

In the complaint, Plaintiff Funds make various allegations which at least establish a plausible claim that Fricke and Thirteen RF are used by Samron as a subterfuge to defeat public convenience, justify wrong, or perpetuate a fraud. These allegations include that Samron, Fricke, and Thirteen RF maintain joint corporates records (Doc. 1 at ¶¶ 46, 112), have commingled assets

4

(*Id.* at ¶¶ 47, 113), and employ some of the same employees. (*Id.* at ¶¶ 43, 109). Plaintiff Funds claim that Samron runs a double-breasted operation where Samron is the "union shop" (*Id.* at ¶¶ 82, 141) and recognizing the corporations' separate forms would "sanction a fraud or promote injustice." (*Id.* at ¶¶ 48, 114). While the complaint is not a model of specificity on this issue, the Court finds the allegations sufficient at the motion to dismiss stage.

In *Johnson*, the Eighth Circuit was reviewing the district court's granting of summary judgment and had access to various specific facts demonstrating that the affiliate companies "exist for business reasons based on the market structure and financing." *Johnson*, 950 F.3d at 520; *see also Greater St. Louis Const. Laborers Welfare Fund v. Symmetry Landscaping, Inc.*, No. 4:09-CV-00401 ERW, 2012 WL 1070097, at *11 (E.D. Mo. Mar. 29, 2012) (finding no alter ego liability after bench trial where defendant testified as to purpose of corporate form). This Court has minimal information regarding the purpose of Fricke and Thirteen RF's corporate existence. Plaintiff Funds have essentially alleged that Samron utilizes the corporate form to avoid its obligations under the CBA and Participation Agreements by having non-union employees of Fricke and Thirteen RF perform bargaining unit work. Given the apparent level of control Samron has over these companies, such allegations are sufficient to avoid dismissal of the alter ego claims. If the Plaintiff Funds are unable after discovery to present evidence demonstrating that Samron utilized Fricke and Thirteen RF to avoid its union obligations, summary judgment on these grounds may be warranted.[2]

---

[2] In analyzing the alter ego doctrine, Plaintiff Funds cite various cases assessing alter ego claims under the labor law. As discussed further below, this standard is different and more lenient than the general corporate law alter ego doctrine employed in ERISA cases in the Eighth Circuit. *Superior Gen. Contractors*, 104 F.3d at 1055 ("The alter ego doctrine as developed under the National Labor Relations Act . . . involves a more lenient standard for disregarding the corporate form than that employed in corporate law.").

Counts Two and Four – Single Employer Liability

In Counts Two and Four, Plaintiff Funds allege that Fricke and Thirteen RF can be held liable pursuant to a theory of single employer liability. Beyond the distinct theory of liability, Counts Two and Four contain virtually identical factual allegations to those found in Counts One and Three. Dismissal of Counts Two and Four is warranted, however, because single employer liability is not recognized in this type of ERISA action.[3]

Plaintiff Funds bring this action pursuant to Sections 502 and 515 of ERISA. (Doc. 1 at ¶ 1). The portion of Section 502 on which Plaintiff Funds rely, 29 U.S.C. § 1132(g)(2), merely identifies available awards for actions brought under Section 515, which states that employers must comply with the terms of their collective bargaining agreements. 29 U.S.C. § 1145. Single employer liability, alternatively, is a "[National Labor Relations] Board creation that treats two or more related enterprises as a single employer for purposes of holding the enterprises jointly to a single bargaining obligation or for the purpose of considering liability for any unfair labor practices." *Iowa Exp. Distrib., Inc. v. NLRB*, 739 F.2d 1305, 1310 (8th Cir. 1984).

The Eighth Circuit has repeatedly and clearly distinguished ERISA and National Labor Relations Act ("NLRA") claims as applied to non-signatories, holding that ERISA claims are governed by general corporate law principles. In an ERISA case brought under Section 515, the Eighth Circuit specifically noted that the "single employer doctrine is not relevant to the present case, however, because we hold that corporate law principles govern the assessment of the corporate relationship." *Superior Gen. Contractors*, 104 F.3d at 1056 n.7; *see also Brady v.*

---

[3] As Defendants note, the single employer doctrine may be incorporated into ERISA's withdrawal liability provision, 29 U.S.C. § 1301. But that provision is not relevant to this action. *See Bjorkedal*, 516 F.3d at 726 ("Thus, the broad definition of employer contained in § 1301(b)(1) does not impose statutory liability on commonly controlled entities for liabilities based on delinquent contributions to a multiemployer welfare plan under § 1145."). Plaintiff Funds have not included a claim for withdrawal liability in the complaint.

*Swenke*, No. 03-6381 ADM/AJB, 2004 WL 2697282, at *3 n.2 (D. Minn. Nov. 24, 2004) ("*Superior General Contractors* makes clear that the alter ego test is preferable to the single employer test in the ERISA context.").

Plaintiff Funds describe the statement from *Superior General Contractors* as a "fairly vague footnote." (Doc. 20 at 8). The footnote, however, is perfectly clear and consistent with the court's recognition of the important distinction between alter ego liability under ERISA and the NLRA. *Superior Gen. Contractors*, 104 F.3d at 1055 ("The alter ego doctrine as developed under the [NLRA] . . . involves a more lenient standard for disregarding the corporate form than that employed in corporate law."). While courts in other circuits have identified and rejected the Eighth Circuit's interpretation, this Court is bound by the *Superior General Contractors* decision. *See, e.g.*, *Boland v. Ace Masonry, Inc.*, No. 12-1375 (TSC-AK), 2016 WL 9825778, at *9 (D.D.C. July 14, 2016) ("[O]ther judges in this Court have unanimously rejected the use of the Eighth Circuit's corporate law standard and instead adopted the First Circuit's labor law standard when evaluating the alter ego status of a corporation.").

Plaintiff Funds point to a recent decision in this district permitting repleading of a single employer liability claim in an ERISA action. *See Nat'l Roofing Ind. Pension Plan v. Taylor Roofing Sols., Inc.*, No. 4:18-CV-1862, 2019 WL 1327045, at *3 (E.D. Mo. Mar. 25, 2019). In that case, however, the plaintiffs pleaded a single count alleging both alter ego and single employer liability. The court granted the defendant's motion for a more definite statement because plaintiffs "seek to assert two theories under the same count." *Id.* Granting defendant's motion for a more definite statement hardly amounts to recognition of single employer liability as a legitimate ground for relief in an ERISA action under Section 515. Plaintiff Funds also cite *Mo-Kan Iron Workers Pension Fund v. Acme Erectors, Inc.*, but neglect to mention that this case arose in part under the

7

NLRA. No. 16-0786-CV-W-FJG, 2016 WL 6871276, at *2 (W.D. Mo. Nov. 21, 2016) (discussing alter ego doctrine as developed under the NLRA). Neither the *Taylor Roofing Solutions* nor *Acme Erectors* court considered the Eighth Circuit's guidance in *Superior General Contractors*.

This Court is bound by the Eighth Circuit's unequivocal statement, albeit in a footnote, that the single employer doctrine is not relevant to an ERISA action brought pursuant to 29 U.S.C. § 1145. Another court in this district has interpreted the *Superior General Contractors* footnote in the same manner. *See Greater St. Louis Const. Laborers Welfare Fund v. Symmetry Landscaping, Inc.*, No. 4:09-CV-00401 ERW, 2012 WL 1070097, at *11 n.4 ([W]hen an action arises under ERISA, the Eighth Circuit applies principles of corporate law to determine whether to disregard the corporate form . . . In contrast, the single employer and alter ego labor law doctrines set forth in *Iowa Express* and *Crest Tankers* apply when an action arises under the [NLRA]."); *see also Carpenters and Joiners Welfare Fund v. Wayne*, No. Civ. 02-779 JNEJGL, 2003 WL 21730105, at *2 (D. Minn. July 21, 2003) (rejecting single employer liability claim in ERISA case based on *Superior General Contractors* holding). Because Counts Two and Four are "fatally flawed in their legal premises," dismissal is appropriate. *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

**IV.    CONCLUSION**

Plaintiff Funds bring this action for unpaid contributions by Fricke and Thirteen RF, who are not signatories to the applicable CBA and Participation Agreements. Plaintiff Funds seek relief on the grounds that Fricke and Thirteen RF are alter egos of Samron (Counts One and Three) and constitute a single employer with Samron (Counts Two and Four). Applying general corporate law principles, this Court finds that Plaintiff Funds have plausibly alleged that Fricke and Thirteen RF are alter egos of Samron, potentially justifying relief under ERISA. Dismissal of Counts Two and

Four is warranted, however, because Eighth Circuit precedent clearly establishes that the single employer doctrine is not the proper theory of liability in this ERISA action.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Fricke and Thirteen RF (Doc. 16) is **GRANTED in part** and **DENIED in part**. The motion is granted as to Counts Two and Four but denied as to Counts One and Three.

**IT IS FURTHER ORDERED** that Counts Two and Four of Plaintiffs' Complaint are hereby **DISMISSED**.

Dated this 21st day of May, 2021.

                                                                        /s/ John A. Ross
                                                                        JOHN A. ROSS
                                                                        UNITED STATES DISTRICT JUDGE