# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS ) <br> DISTRICT COUNCIL PENSION TRUST, ) <br> et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> SAMRON MIDWEST ) <br> CONTRACTING, INC., et al., ) <br> ) <br> Defendants. ) | Case No. 4:21-cv-00223-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Samron Midwest Contracting Inc., Fricke Management & Contracting, Inc., and Thirteen RF, Inc.'s Contested Motion for Leave to Amend Their Answers and Defenses to Plaintiffs' Complaint.  ECF No. 74.  They claim that on September 11, 2023, Plaintiff Pension Fund served Samron with a partial withdrawal liability assessment asserting a partial withdrawal in 2014.  Defendants did not file that assessment as part of their motion, but they claim that it takes a legal position that is directly contrary to Plaintiffs' legal position in this case: that Samron owes contributions for hours worked by Fricke Management & Contracting's employees.  Defendants accordingly request leave to amend their answer to the complaint to allege affirmative defenses of collateral and judicial estoppel. Plaintiffs respond that Defendants lack good cause to amend the complaint, and they claim that doing so would be futile and would prejudice them because it would require additional discovery.

On March 21, 2024, the Court held a telephone status conference to discuss Defendants' motion with all counsel.  Because Defendants did not attach the partial withdrawal liability

assessment to their motion, the Court wanted to understand precisely what the assessment entails and how it contradicts Plaintiffs' legal position in this case.  The Court also wanted to know whether the parties had initiated collateral proceedings.  Finally, and most importantly, the Court wanted to clarify how granting the motion to amend would affect the then-pending cross-motions for summary judgment.

Many of these questions were not completely answered at the telephone conference.  The Court is still unsure precisely how the assessment, which asserts a partial withdrawal in 2014, contradicts Plaintiffs' attempt to recoup unpaid contributions between 2014 and 2017 in this case.  But the parties clarified that no collateral proceeding had been initiated.  And neither party appeared to believe that the partial withdrawal liability assessment is relevant to the issues raised in their cross-motions for summary judgment.

With the parties' representations in mind, the Court now turns to the merits of Defendants' motion.  Plaintiffs argue that amendment would be futile, that is, the asserted defenses would not survive a motion to dismiss under Rule 12(b)(6) or (f).  They note that there has been no judgment on the merits in any other proceeding, so collateral estoppel cannot apply.  *See Chavez v. Webber*, 497 F.3d 796, 803 (8th Cir. 2007) ("[W]hen an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated between the same parties in another lawsuit." (quoting *United States v. Brekke*, 97 F.3d 1043, 1049 (8th Cir. 1996))).  And because no judge has accepted a purportedly contrary position to one in this case, Plaintiffs argue judicial estoppel cannot apply either.  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed,

assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895))).

The Court agrees with Plaintiffs.  Defendants' proposed defenses are purely speculative at this point—again, no collateral proceeding has even been initiated.  Because the proposed defenses require a judgment or Plaintiffs to successfully advance their contrary positions in another proceeding, and there is not even another proceeding, Defendants' proposed affirmative defenses would not survive a motion to dismiss.  Defendants believe that their defenses must be raised in their answers or they may forfeit them, but Defendants can renew any motion to amend should the factual bases for their defenses actually exist.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion For Leave to Amend the Complaint [ECF No. 74] is **DENIED** at this time.

Dated this 29th day of March, 2024.

                                                                   _____
                                                                   JOHN A. ROSS
                                                                   UNITED STATES DISTRICT JUDGE